UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARAO ABEL PEREIRA,

                                        Plaintiff,

            -against-

TRANSPORTES AEREOS PORTUGUESE,
S.A. et al.,

                                        Defendants.

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 7/2/2026

**ORDER**

**26-CV-2737 (JHR) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On June 22, 2026, Plaintiff, proceeding pro se, made six successive filings on the docket. (ECF Nos. 35-40)  In those filings, Plaintiff principally contends that Defendants failed to serve him with copies of all documents previously filed and served by Defendants in this action, as required by the Court's May 27, 2026 Order.  (ECF No. 30)  On that basis, Plaintiff seeks sanctions and asks the Court to strike Defendants' pending motions.  Plaintiff's motions are DENIED for the following reasons.

First, Plaintiff has not complied with Rule II.C of this Court's Individual Rules, which provides that "[a]ny party wishing to raise a [ ] dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Plaintiff does not represent that he made any effort to confer with Defendants' counsel before seeking judicial intervention.  Second, Plaintiff has not complied with Rule III.B of this Court's Individual Rules, which requires a pre-motion conference for all motions (not exempt from the Rule).  Plaintiff did not request a pre-motion conference before filing the instant motions. Third, Defendants' counsel has filed a signed declaration, together with a mailing receipt, indicating that he complied with the Court's May 27, 2026 Order.  (ECF No. 31)  "[T]he Second

Circuit has indicated that mailing a letter creates a presumption that the addressee received it." *Bronia, Inc. v. Ho,* 873 F.Supp. 854, 859 (S.D.N.Y. 1995) (citing *Meckel v. Contl. Resources Co.,* 758 F.2d 811, 817 (2d Cir. 1985)). "To invoke the presumption, a party must first produce evidence of mailing." *Id.* Defense counsel has done so here, so has produced sufficient evidence that the mailing took place. Accordingly, there is no basis to impose sanctions or strike Defendants' pending motions.

Plaintiff should note that while pro se litigants are afforded special solicitude which provides for liberal construction of pleadings, relaxation of limitations on amendment, and leniency in enforcement of other procedural rules (among other things), *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation and quotation marks omitted).

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 35, 36, and 37 and mail a copy of this Order to Plaintiff.**

Dated: New York, New York
    July 2, 2026

SO ORDERED.

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

2