UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARAO ABEL PEREIRA,

Plaintiff,

-v.-

TRANSPORTES AEREOS PORTUGUESES, S.A., et al.,

Defendants.

26 Civ. 2737 (JHR) (KHP)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On February 9, 2026, Plaintiff, proceeding *pro se*, brought this action in New York State Supreme Court alleging "racial discrimination" and "racism" against Defendants Transportes Aereos Portugueses, S.A. ("TAP") and Joana Mendonca Branco. ECF No. 1-1 at 4. Defendant TAP was served on March 3, 2026. ECF No. 1-2. "Defendant Branco, an employee of TAP, has not been served but is represented by counsel for TAP." ECF No. 42 at 2 (quoting ECF No. 18-4 at 2). On April 2, 2026, Defendants removed the case to this Court on the ground that "TAP is a 'foreign state' within the meaning of 28 U.S.C. § 1603(a) of the Foreign Sovereign Immunities Act." ECF No. 1 at 2 (citing 28 U.S.C. § 1441(d)).

Before the Court are two Reports and Recommendations issued by Magistrate Judge Katharine H. Parker. The first, dated July 16, 2026, ECF No. 42, recommends that the Court deny Plaintiff's motion to remand the case to state court, ECF No. 7. The second, dated July 22, 2026, ECF No. 43, recommends that the Court grant Defendants' motions to dismiss, ECF Nos. 8, 11. The Court has examined the Reports and Recommendations and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Reports and Recommendations and adopts Judge Parker's recommendations.

## BACKGROUND[1]

On April 2, 2026, Defendants sent Plaintiff a hard copy of the Notice of Removal by U.S. Mail and a courtesy copy by email. ECF No. 42 at 2 (citing ECF Nos. 18 at 2, 18-2 at 2, 18-4 at 2). "The mailed copy was returned to Defendants on April 7, 2026, bearing the notation: 'Return to sender, REFUSED, unable to forward.'" *Id.* (quoting ECF No. 18-4 at 2). On April 6, 2026, Plaintiff moved to remand this action to state court. ECF No. 7.

On April 9, 2026, Defendant TAP filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a memorandum of law and a declaration in support. ECF Nos. 8-10. Also on April 9, 2026, Defendant Branco filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6), ECF No. 11, along with a memorandum of law and a supporting declaration, ECF Nos. 12-13.

On April 10, 2026, this Court referred the case to Judge Parker for general pretrial management and reports and recommendations on dispositive motions. ECF No. 15. On July 16, 2026, Judge Parker issued the first Report and Recommendation, recommending denial of Plaintiff's remand motion. ECF No. 42 at 8. Objections to that Report and Recommendation were due by July 30, 2026. ECF No. 42. Plaintiff did not file any objections.

On July 21, 2026, Plaintiff filed a letter explaining that, "after serious[] consideration[] of all the facts [and] circumstances of this ongoing matter and its course . . . which went [on] for so [many] years . . . I, Arao Abel Pereira, decided that this case [is] to be 'withdrawn.'" ECF No. 44.

On July 22, 2026, Judge Parker issued the second Report and Recommendation, recommending that the Court grant Defendants' motions to dismiss (ECF Nos. 8 and 11) with

[1] Familiarity with the facts, which are set forth in detail in the Reports and Recommendations, is assumed. *See* ECF No. 42, 43.

prejudice "because any amendments would be futile insofar as there are no timely claims." ECF No. 43 at 8. Objections to the Report and Recommendation were due by August 5, 2026. ECF No. 43. Plaintiff did not file any objections to Judge Parker's July 22, 2026 Report and Recommendation.

On July 29, 2026, Judge Parker issued an order, ECF No. 45, regarding Plaintiff's July 21, 2026 statement that this case is "to be 'withdrawn,'" ECF No. 44. The order provided that, "[i]nsofar as the Plaintiff is now pursuing voluntary dismissal of this action, he is directed to comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) by filing a stipulation of voluntary dismissal signed by all parties who have appeared in this action." ECF No. 45. Plaintiff has not filed a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii).

On August 3, 2026, in another letter filed with the Court, Plaintiff wrote that "'there [are] NO OBJECTIONS' to the Report & Recommendation on [the] motion to dismiss, dated 7/22/2026. . . ." and that Plaintiff "completely agree[s] with the . . . Report & Recommendation on [the] motions to dismiss, which constitutes the decision and order of the court, [] as well as it[]s full and complete implementation." *Id.*

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ.

03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would result in waiving objections, ECF Nos. 42 at 9, 43 at 9, Plaintiff did not file any objections to the Reports and Recommendations. Instead, Plaintiff filed one letter stating that the case should "be 'withdrawn,'" ECF No. 44, and a second letter explaining that "[t]here [are] NO OBJECTIONS" to the July 22 Report and Recommendation and that Plaintiff "completely agree[s] with the . . . Report & Recommendation on [the] motions to dismiss," ECF No. 46. Thus, the clear-error standard is appropriate. Having carefully reviewed the Reports and Recommendations, the Court finds no such error. The Reports and Recommendations are "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025).

For the foregoing reasons, the Reports and Recommendations are hereby adopted in their entirety. Specifically, the Court adopts Judge Parker's recommendation in the July 16 Report and Recommendation that "Plaintiff's motion to remand[, ECF No. 8] be DENIED," ECF No. 42 at 8, and Judge Parker's recommendation in the July 22 Report and Recommendation that Defendants' "motions to dismiss (ECF Nos. 8 and 11) be granted and that this action be dismissed with prejudice because any amendments would be futile insofar as there are no timely claims," ECF No. 43 at 8.

The Clerk of Court is directed to terminate ECF Nos. 7, 8, and 11 and to close the case.

SO ORDERED.

Dated: October 14, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge